# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ORCHARD TERRACE ESTATES, LLC, | Case No. 1:15-cv-00075-GEB-SAB |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE REMANDED TO STATE COURT |
| v. | |
| EDISON V. CORTEZ, et al., | OBJECTIONS DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

On January 16, 2015, Defendants Edison V. Cortez and Severina G. Cortez ("Defendants") filed the notice of removal in this action. (ECF No. 1.) Plaintiff Orchard Terrace Estates, LLC ("Plaintiff") filed the original complaint in the Superior Court of California for the County of Merced. The original complaint raised a cause of action for unlawful detainer against Defendants. Defendants removed the action to this Court and contend that jurisdiction exists under 28 U.S.C. § 1331.

For the reasons set forth below, the Court finds that jurisdiction does not exist over this action and recommends that the action be remanded back to state court.

/ / /

/ / /

/ / /

/ / /

1

**I.**

**SUA SPONTE DISMISSAL FOR FAILURE TO STATE A CLAIM AND LACK OF JURISDICTION**

District courts may dismiss a claim sua sponte under Federal Rule of Civil Procedure 12(b)(6) if the Court gives notice of its intention to dismiss and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion.[1] Lee v. City of Los Angeles, 250 F.3d 668, 683 n.7 (9th Cir. 2001) (quoting Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981)). Moreover, district courts have authority to dismiss actions sua sponte for lack of jurisdiction. Franklin v. State of Or., State Welfare Division, 662 F.2d 1337, 1342 (9th Cir. 1981). "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit" and are "obviously frivolous." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal quotations and citations omitted).

**II.**

**DISCUSSION**

In this case, Plaintiff brought an unlawful detainer action against Defendants under California state law. Defendants' notice of removal contends that federal question jurisdiction exists over this action, but makes no effort to identify any federal issues which arise under Plaintiff's complaint.

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830 (2002). "[F]ederal jurisdiction generally exists 'only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.'" Id. (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (italics in original). "The rule makes the plaintiff the master of the claim; he or

---

[1] Through these Findings and Recommendations, the Court gives Defendants notice of its intention to remand. Defendants have an opportunity to submit a written memorandum in opposition by filing objections to these Findings and Recommendations.

she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). Moreover, "[i]t is a 'long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986)).

Plaintiff's complaint for unlawful detainer is devoid of any federal issues. See First Northern Bank of Dixon v. Hatanaka, No. 2:11-cv-02976 MCE KJN PS, 2011 WL 6328713, at *3 (E.D. Cal. Dec. 16, 2011) ("Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint."). Accordingly, the Court finds that jurisdiction does not exist over this action and the action should be remanded back to state court.

### III.

### CONCLUSION AND RECOMMENDATION

The Court finds that it lacks jurisdiction over this action. Accordingly, it is HEREBY RECOMMENDED that this matter be REMANDED to the Superior Court of California for the County of Merced.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may

///
///
///
///

3

1  result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014)
2  (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 23, 2015**

UNITED STATES MAGISTRATE JUDGE